IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Joseph Baisi, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : **COMPLAINT AND DEMAND FOR** |
| Southwest Credit Systems, L.P.; and DOES 1-10, inclusive, | : **JURY TRIAL** |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Joseph Baisi, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Joseph Baisi ("Plaintiff"), is an adult individual residing in Myrtle Beach, South Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Southwest Credit Systems, L.P. ("SCS"), is a Texas business entity with an address of 4120 International Parkway #1100, Carrollton, Texas 75007, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by SCS and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      SCS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to SCS for collection, or SCS was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. SCS Engages in Harassment and Abusive Tactics

12.     Within the last year, SCS started contacting Plaintiff in an attempt to collect the Debt by placing calls to Plaintiff's cellular telephone.

13.     On at least one occasion, SCS placed a call to Plaintiff before 8:00 a.m.

14.     During the initial telephone conversation and many of those thereafter, SCS failed to accurately identify the name of its company.

2

15. During an initial telephone conversation, SCS originally informed Plaintiff that the amount he owed to Creditor was $180.00.

16. During conversations thereafter, SCS misleadingly informed Plaintiff that the amount owed was now $560.00.

17. Furthermore, SCS failed to inform Plaintiff as to whom the Debt was owed. In some conversations, SCS alleged that Plaintiff incurred the Debt with AT&T; in other conversations, SCS told Plaintiff he owed the money to T-Mobile.

18. On at least one occasion, SCS threatened to ruin the Plaintiff's credit.

19. Plaintiff informed SCS that he could not take personal calls regarding the Debt during work hours and requested SCS cease calling during that time.

20. SCS, however, continued to place calls to Plaintiff during work hours, even though it knew that calls at those times were inconvenient for Plaintiff.

21. Such telephone calls resulted in Plaintiff being written up at work by a supervisor.

C. **Plaintiff Suffered Actual Damages**

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –
15 U.S.C. § 1692, *et seq*.**

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

3

25. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

26. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff before 8:00 a.m.

27. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

29. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

30. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character and amount of the debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants threatened to communicate false credit information.

33. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

34. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

4

35. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## WRONGFUL INTRUSION INTO PRIVATE AFFAIRS

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. South Carolina state law recognizes the Plaintiff's right to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiff; thus, the Defendants violated South Carolina state law.

38. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls to her home.

39. The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency that they caused serious mental suffering, shame, and humiliation to Plaintiff thus satisfying the state law requirement for an invasion of privacy.

40. The conduct of the Defendants in engaging in the illegal collection activities demonstrated blatant and shocking disregard of Plaintiff's rights and resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

41. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

42. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional and/or reckless invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 28, 2013

Respectfully submitted,

By_____

Brian J. Headley, Attorney at Law
District of South Carolina Bar ID No. 11427
145 Historic Drive
Mount Pleasant, SC 29464
Telephone: (855) 301-2100 Ext. 5532
Facsimile: (888) 953-6237
bjheadley@yahoo.com
bheadley@lemberglaw.com

6

Of Counsel To
Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237

7